JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Gerald Martin and Sharon Reid, Co-Administrators of the Estate of Harriet Martin, deceased

## DEFENDANTS
Mr. Charles E. Johnson, Acting Secretary of the United States Department of Health and Human Services

(b) County of Residence of First Listed Plaintiff: **Montgomery**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
James I. Devine, Esquire, 509 Swede Street, Norristown, PA 19401; (610) 292-9300

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — ☐ 310 Airplane; ☐ 315 Airplane Product Liability; ☐ 320 Assault, Libel & Slander; ☐ 330 Federal Employers' Liability; ☐ 340 Marine; ☐ 345 Marine Product Liability; ☐ 350 Motor Vehicle; ☐ 355 Motor Vehicle Product Liability; ☐ 360 Other Personal Injury | **PERSONAL INJURY** — ☐ 362 Personal Injury - Med. Malpractice; ☐ 365 Personal Injury - Product Liability; ☐ 368 Asbestos Personal Injury Product Liability | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | | | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☒ 151 Medicare Act | | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | | **PERSONAL PROPERTY** — ☐ 370 Other Fraud; ☐ 371 Truth in Lending; ☐ 380 Other Personal Property Damage; ☐ 385 Property Damage Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | | | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: Medicare Secondary Payer Lien Challenge

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE: 04/22/2009
SIGNATURE OF ATTORNEY OF RECORD: *James I. Devine*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

APPENDIX I

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Gerald Martin and Sharon Reid, Co-Administrators of the Estate of Harriet Martin, dec'd : CIVIL ACTION

v.

Mr. Charles E. Johnson, Acting Secretary of Health and Human Services : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| 04/22/09 | James I. Devine | Plaintiffs |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-292-9300 | 610-270-0503 | egaraymiller@gmail.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Gerald Martin and Sharon Reid,
Co-Administrators of the         :
Estate of Harriet Martin         :
         V.                      :     Civil Action
Mr. Charles E. Johnson, Acting         No: _____
Secretary of the United States
Department of Health and         :
Human Services      DISCLOSURE STATEMENT FORM

Please check one box:  **N/A**

☐    The nongovernmental corporate party, _____
     , in the above listed civil action does not have any parent corporation and
     publicly held corporation that owns 10% or more of its stock.

☐    The nongovernmental corporate party, _____
     , in the above listed civil action has the following parent corporation(s) and
     publicly held corporation(s) that owns 10% or more of its stock:

     _____
     _____
     _____
     _____

04/22/09                              *[signature]*
――――――――――                    ――――――――――――――――――
  Date                                Signature

             Counsel for:  plaintiffs

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
   (a)   WHO MUST FILE; CONTENTS.  A nongovernmental corporate party must file
         two copies of a disclosure statement that:
         (1)   identifies any parent corporation and any publicly held corporation
               owning10% or more of its stock;  or

         (2)   states that there is no such corporation.

   (b) TIME TO FILE; SUPPLEMENTAL FILING.  A party must:
         (1)   file the disclosure statement with its first appearance, pleading,
               petition, motion, response, or other request addressed to the court;
               and
         (2)   promptly file a supplemental statement if any required information
               changes.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GERALD MARTIN and SHARON REID, :
Co-Administrators of the Estate of : CIVIL ACTION No.:
Harriet Martin, deceased :
332 Centre Avenue : Re: HIC No.: \*\*\*-\*\*-9925A
Jeffersonville, PA 19403 :
: ALJ Appeal Docket No.: 1-166193001
v. :
:
MR. CHARLES E. JOHNSON, ACTING :
SECRETARY OF THE UNITED STATES :
DEPARTMENT OF HEALTH AND :
HUMAN SERVICES :
200 Independence Avenue, S.W. :
Washington, D.C. 20201 :

**COMPLAINT**

PARTIES

1. The plaintiffs are Gerald Martin and Sharon Reid, adult individuals who are the duly appointed personal representatives of the estate of Harriet Martin. Gerald Martin resides at 332 Centre Avenue, Jeffersonville, Pennsylvania 19403. Sharon Reid resides at 6241 Arch Street, Philadelphia, Pennsylvania 19139.

2. The defendant is Mr. Charles E. Johnson, Acting Secretary of the United States Department of Health and Human Services, whose office is located at 200 Independence Avenue, S.W., Washington, D.C. 20201.

JURISDICTION

3. This Court possesses subject matter jurisdiction pursuant to 42 U.S.C.A. §405 (g).

## VENUE

4. Venue is proper in the United States District Court for the Eastern District of Pennsylvania pursuant to 42 U.S.C. §1395 ff (b).

## FACTS

5. The plaintiffs herein filed a lawsuit captioned *Gerald Martin and Sharon Reid, Co-Administrators of the Estate of Harriet Martin v. Albert Einstein Medical Center and Lisa Medvetz, M.D.*, C.C.P. Philadelphia County, November Term, 2003, No. 3100 on November 21, 2003, arising from the death of their mother, Harriet Martin, in December, 2001.

6. In said lawsuit, plaintiffs claimed that their mother's death was the result of medical professional negligence that occurred during an Albert Einstein Medical Center ("AEMC") hospitalization that started with Harriet Martin's presentation to the Emergency Department on November 17, 2001. Plaintiffs did not claim that the entirety of the care rendered during that hospitalization was negligent or was necessitated because of medically improper care. Rather, plaintiffs claimed that their mother, Harriet Martin, died because of an unreasonable delay in receiving proper treatment that resulted from certain improper care. Plaintiffs' decedent, Harriet Martin, presented to Albert Einstein Medical Center with certain symptoms and she needed to be evaluated, diagnosed and treated for her underlying medical problem irrespective of the negligence that ensued.

7. The aforementioned lawsuit, *Martin v. AEMC*, was ultimately settled amicably by the parties.

8. After the underlying case was resolved, Medicare asserted a claim for $72,089.04 for medical bills paid by Medicare for Harriet Martin's entire November 17, 2001 hospitalization at the Albert Einstein Medical Center. In accordance with the law, Medicare reduced said amount to reflect its proportionate share of procurement costs, including attorney fees and a pro-rata share of case costs.

9. Through counsel, plaintiffs notified Medicare's contractor of their objection to the amount of Medicare's claim, explaining in detail the basis for their objection. The essence of the objection is that Medicare is not entitled to be reimbursed for payment it made for treatment that the beneficiary, Harriet Martin, needed which is unrelated to the medical negligence. Stated differently, Medicare is entitled to be reimbursed only for those medical expense payments it made for treatment that was necessitated by medical negligence. Plaintiffs paid the full amount of Medicare's claim under protest, reserving their rights.

10. Plaintiffs pursued all required administrative procedures and appeals before filing this action.

11. By letter dated February 23, 2009, the Department of Health and Human Services, Medicare Appeals Council notified plaintiffs of its decision upholding the Administrative Law Judge's decision which had affirmed Medicare's determination that plaintiffs owed Medicare the entire amount Medicare paid for

the AEMC hospitalization bill, without reduction of any amount reflecting the payment for care that Harriet Martin needed and received unrelated to the medical negligence claim.

12. Plaintiffs file the instant lawsuit seeking partial reimbursement of the amount paid to Medicare because certain of the medical services provided to Harriet Martin during her November 17, 2001 AEMC admission were not as a result of the professional negligence of healthcare providers at AEMC, but instead a portion of Harriet Martin's AEMC hospital bill was incurred as a result of her underlying medical condition that caused her to be hospitalized in the first place. As such, Medicare is not entitled to be reimbursed the full amount that Medicare paid for the November 17, 2001 AEMC hospitalization. Medicare's decision to require full reimbursement of the entire amount Medicare paid for the November 17, 2001 Albert Einstein Medical Center admission is plainly erroneous, and Medicare failed to meet its burden of demonstrating that all of the care Harriet Martin received during that hospital admission was the result of medically improper care. Medicare, the Honorable Administration Law Judge and the Medicare Appeals Council applied an erroneous legal standard in determining the case.

13. The amount in controversy exceeds $1,220.00.

WHEREFORE, plaintiffs request judgment in their favor and against the defendant for an amount not in excess of $150,000.00, plus costs and whatever damages the Court deems just.

                                                                           **LAW OFFICE OF JAMES I. DEVINE**

Date: April 22, 2009                By:   */s/ James I. Devine*
                                                                       JAMES I. DEVINE, ESQUIRE
                                                                       Attorney for Plaintiffs
                                                                       509 Swede Street, Norristown, PA 19401
                                                                       Telephone: (610) 292-9300
                                                                       Attorney I.D. No. 39270